IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   14-cv-01222-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

KYUNG MIN,

    Defendant.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

THIS MATTER is before the Court in connection with Plaintiff's Motion for Entry of Default Judgment Against Defendant Kyung Min ["Min"] filed October 31, 2014.  This motion was referred to Magistrate Judge Hegarty for a recommendation.  A Recommendation of United States Magistrate Judge were issued on November 28, 2014, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Hegarty recommends therein that Plaintiff's Motion for Entry of Default Judgment be granted in part and denied in part.  (Recommendation at 1, 15.) He notes that Min did not answer or respond to the Amended Complaint before the deadline, and that an Entry of Default was issued on September 24, 2014.  (*Id.* at 7.) He further notes that Min did not respond to the motion for default judgment.  (*Id.*)

It is then recommended that default judgment be entered in Plaintiff's favor against Min pursuant to Fed. R. Civ. P. 55(b)(2). (Recommendation at 9.) In support of this, Magistrate Judge Hegarty finds that the Court has jurisdiction and that "taking its allegations as true, the Plaintiff has established violations of its copyrights by Defendant Kyung Min, in that a computer at Kyung Min's residence participated in an illegal download of twelve (12) of Plaintiff's copyrighted works." (*Id.*) Thus, he "finds that Plaintiff has established Defendant Kyung Min copied Plaintiff's copyright protected works" and "recommends that the District Court find Kyung Min has committed twelve (12) direct infringements of the Copyright Act against Plaintiff." (*Id.* at 13.) As to damages, it is recommended that Min be ordered to pay Plaintiff $2,250.00 per infringement ($27,000 in total for the 12 infringements) in statutory damages as authorized by 17 U.S.C. § 504(c)(1), and $1,652.00 for attorney's fees and costs as authorized by 17 U.S.C. § 505. (*Id.* at 14, 16.)

Finally, Magistrate Judge Hegarty recommends that the Court grant in part and deny in part Plaintiff's request for injunctive relief. (Recommendation at 15.) Thus, it is recommended that Plaintiff's request for an order directing Min to "delete and permanently remove the digital media files relating to Plaintiff's works" and to "delete and permanently remove the infringing copes of the works" from each of the computers under Min's possession, custody or control be granted. (*Id.* at 15-16.) On the other hand, Magistrate Judge Hegarty recommends that the Court deny Plaintiff's request for an order enjoining Min from "continuing" to infringe on the Plaintiff's copyrighted works. (*Id.*)

Magistrate Judge Hegarty advised the parties that written objections were due within fourteen (14) days after service of the Recommendation. (Recommendation at 1 n. 1.) Despite this advisement, no objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. The Recommendation is well reasoned and persuasive. I agree that Plaintiff should be granted default judgment against Defendant Min for direct infringement of Plaintiff's copyrighted works. I further agree with the recommendation on damages and attorney's fees and costs. Finally, I agree that Plaintiff's request for injunctive relief should be granted in part and denied in part as set forth in the Recommendation. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge (ECF No. 21) is **AFFIRMED and ADOPTED**. In accordance therewith, it is

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

ORDERED that Plaintiff's Motion for Default Judgment Against Defendant Kyung Min (ECF No. 19) is **GRANTED IN PART AND DENIED IN PART**; namely, it is granted as to the request for a default judgment and for damages, and granted in part and denied in part as to the request for injunctive relief.  Therefore, it is

ORDERED that the Clerk of Court shall enter judgment in Plaintiff's favor against Defendant Kyung Min for direct infringement of Plaintiff's copyrighted works as set forth in Count I of the Amended Complaint.  It is

FURTHER ORDERED that Defendant Min shall pay Plaintiff the sum of $27,000 in statutory damages and $1,652.00 for attorney's fees and costs.  It is

FURTHER ORDERED that Defendant Min shall permanently destroy all the digital media files relating to, and copies of, Plaintiff's copyrighted work made or used by him in violation of Plaintiff's exclusive rights, as well as all master copies in his possession, custody or control from which such copies may be reproduced.  Finally, it is

ORDERED that Plaintiff's request to "permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works is DENIED.

Dated:  February 2, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge